United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40100
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFINO MONDRAGON-GUSMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1349-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rufino Mondragon-Gusman (Mondragon) appeals his conviction and sentence for illegal reentry after a previous deportation. Mondragon argues that the district reversibly erred under <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. There was no "<u>Booker</u>" error or Sixth Amendment violation because the only enhancement to Mondragon's sentence was for his prior conviction. <u>See</u> <u>Booker</u>, 125 S. Ct. at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

756, 769. Nevertheless, the district court committed "Fanfan" error by sentencing Mondragon pursuant to a mandatory guidelines scheme. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). We have previously rejected Mondragon's claim that such error is "structural" in nature. See id. at 463.

The Government concedes that Mondragon preserved his Fanfan argument. As such, this court reviews the claim for harmless error. See id. at 464. As the Government further concedes, there is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we vacate the sentence and remand for resentencing in accordance with Booker. Because we vacate Mondragon's sentence due to the mandatory application of the guidelines, it is not necessary to address his additional claim that the district court committed reversible error by assessing a 12-level increase under U.S.S.G. § 2L1.2(b)(1)(B). See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Finally, Mondragon argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Mondragon's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Mondragon contends that Almendarez-Torres was incorrectly decided

and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Mondragon properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Mondragon's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.